# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                              Case No: 8:14-cv-2189-T-30AEP

JAMES M. ENRIGHT, 1025 W
MICHIGAN LAND TRUST, 5912 31ST
STREET LAND TRUST, PINELLAS
COUNTY TAX COLLECTOR,
SUNSHINE STATE TAX LLC, CITRUS
CAPITAL, LLC and JAMES ENRIGHT
TRUST,

    Defendants.

## ORDER

THIS CAUSE comes before the Court upon the United States of America's Application for Entry of Clerk's Default (Dkt. #23). The Plaintiff, United States of America, seeks a clerk's default against the Defendant James M. Enright, individually and as Trustee for the 1025 W. Michigan Drive Land Trust, 5912 31st Street Land Trust, and James Enright Land Trust (the "Trust Entities") pursuant to Rule 55(a) of the Federal Rules of Civil Procedure.

Enright was served and filed a response on October 7, 2014. Plaintiff filed a motion to strike the pleading as non-responsive. The Court granted the motion and permitted Enright to file a responsive pleading within fourteen days. The United States filed an Amended Complaint on November 12, 2014. Enright then filed for bankruptcy, and the

Court administratively closed the case. Enright filed a "Notice and Demand" on December 22, 2014, which raises many of the same "arguments" as his October 7, 2014 Notice.

The bankruptcy court dismissed Enright's petition and this Court re-opened the case on February 2, 2015. The United States did not move to strike Enright's last pleading; instead, it seeks a clerk's default arguing that Enright's pleading does not constitute "an answer or other response."

The Court disagrees. A clerk's default is permitted only when no pleading is filed by a defendant under Rule 55(a). The December 22, 2014 pleading specifically states that "[i]t is denied that the United States is the real party in interest" and "[i]t is denied that Plaintiff has stated a claim upon which this relief should be granted." Therefore, Enright has pled or otherwise defended against the Amended Complaint, and the Clerk is not authorized to enter a default. *See* Fed.R.Civ. P. 55(a).

The Court will construe this pleading as an answer and affirmative defenses. *See Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) (*pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed). However, the Court will not deem the pleading as an answer for the Trust Entities. *See Clark v. Ashland, Inc*., 2:13-CV-794-FTM-29, 2014 WL 2199643, at *3 (M.D. Fla. 2014) ("Non-natural persons or artificial entities such as corporations, partnerships, associations, and *trusts*, may appear in federal court only through licensed counsel.") (citing *Rowland v. California Men's Colony*, 506 U.S. 194, 201–02, 113 S.Ct. 716, 121 L.Ed.2d 656 (1993)). *See also* M.D. Fla. L.R. 2.03(e) ("A corporation may appear and be heard only through counsel admitted to practice.")

Because Enright is proceeding *pro se* and may not have been aware of this requirement, the Court will grant him twenty (20) days to obtain an attorney to represent the Trust Entities, failing which will result in an entry of a default against them.

It is therefore **ORDERED AND ADJUDGED** that:

1. United States of America's Application for Entry of Clerk's Default (Dkt. #23) is DENIED.

2. Enright has twenty (20) days from the date of this Order to obtain an attorney to represent the Trust Entities.

3. If no attorney has made an appearance in this matter on behalf of the Trust Entities after the deadline, the United States of America may re-file its Motion for Entry of Clerk's Default, and the Clerk of Court shall enter a default against the Trust Entities.

**DONE** and **ORDERED** in Tampa, Florida, this 19th day of February, 2015.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

S:\Odd\2014\14-cv-2189 default 23.docx