IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

        Plaintiff,

   v.                                   Case No. 8:14-cv-2189-T-30JSS

JAMES M. ENRIGHT, individually and as Trustee
for 1025 W. MICHIGAN DRIVE LAND TRUST;
5912 31ST STREET LAND TRUST; and
JAMES ENRIGHT TRUST; PINELLAS
COUNTY TAX COLLECTOR; SUNSHINE
STATE TAX, LLC; CITRUS CAPITAL, LLC

        Defendants.

_____

## ORDER OF FORECLOSURE AND SALE

Having entered Summary Judgment against Defendant Enright and Default Judgment against trusts Defendant Enright created as nominees (Dkt. 49), the Court hereby authorizes the United States to foreclose the federal tax liens associated Enright's unpaid federal tax liabilities as specified in the Court's final judgment (Dkt. 50) and directs the United States to conduct a judicial sale of the following parcels of land ("Subject Properties"), along with all improvements, buildings, and appurtenances thereon, now known as and numbered:

A.    **Property 1:**

The real property located at 1025 W. Michigan Drive, Dunedin, Florida 34698 which is more particularly described as:

13222366.1

Lot 2, Block B KIBBEY GROVES SUBDIVISION, according to the plat thereof recorded in Plat Book 21, Page 92, of the Public Records of Pinellas County, Florida.

**B.     Property 2**

The real property located at 5912 31st Street North, St. Petersburg, Florida 34698 which is more particularly described as:

The south 50 feet of the north 100 feet of the south 562 feet of the east 247.5 feet of the NW ¼ of the SW ¼ of section 35 south, township 30 south, range 16 east, Pinellas County, Florida, LESS the east 30 feet thereof.

Pursuant to 26 U.S.C. §§ 7402(a) and 7403(c), the Court now ORDERS that the Subject Properties shall be sold in their entirety, under 26 U.S.C. §§ 7402(a) and 7403(b), in order to collect the unpaid federal tax liabilities of James M. Enright, as follows:

1.     The Internal Revenue Service ("IRS") Property Appraisal and Liquidation Specialists ("PALS") is authorized to offer for public sale and to sell the Subject Properties.

2. The terms and conditions of the sale are as follows:

a. The sale of the Subject Properties shall be by public auction to the highest bidder, free and clear of all rights, titles, claims, liens, and interests of all parties to this action, including the plaintiff United States and the defendants James M. Enright, Pinellas County Tax Collector, Sunshine State Tax, LLC, Citrus Capital, LLC and any successors in interest or transferees of those parties.

b.   The sale shall be subject to building liens, if established, all laws, ordinances, and governmental regulations (including building and zoning ordinances) affecting the Subject Properties, and easements, restrictions, and reservations of record, if any.

2

13222366.1

c. The sale shall be held either at the courthouse of the county or city in which the Subject Properties are located or on the Subject Properties' premises.

d. The PALS shall announce the date and time for sale. The IRS, the PALS, and their representatives shall be permitted to enter the Subject Properties with prospective buyers in order to allow prospective buyers to inspect the interior and exterior of the Subject Properties at such times as the IRS or the PALS shall determine are reasonable and convenient.

e. Notice of the sale shall be published once a week for at least four consecutive weeks before the sale in at least one newspaper regularly issued and of general circulation in Pinellas County, and, at the discretion of the PALS, by any other notice or advertisement that the PALS deems appropriate. The notice of the sale shall contain a description of the Subject Properties and shall contain the material terms and conditions of sale set forth in this order of sale.

f. The Subject Properties shall be offered for sale "as is," with all faults and without any warranties either express or implied, and the sale shall be made without any right of redemption.

g. The PALS shall set, and may adjust, the minimum bid for the Subject Properties. If the minimum bid is not met or exceeded, the PALS may, without further permission of this Court, and under the terms and conditions in this order of sale, hold a new public sale, if necessary, and adjust the minimum bid.

h. At the time of the sale, the successful bidder(s) shall deposit with the PALS, by cash or by money order, certified check, or cashier's check drawn payable to the

13222366.1

Clerk of the United States District Court for the Middle District of Florida, a deposit in an amount between five (5) and twenty (20) percent of the minimum bid as specified by the PALS in the published notice of sale. Before being permitted to bid at the sale, potential bidders shall display to the PALS proof that they are able to comply with this requirement. No bids will be accepted from any person(s) who have not presented proof that, if they are the successful bidder(s), they can make the deposit required by this order of sale. The United States may bid as a creditor against its judgment without any tender of cash or check.

i. The successful bidder(s) shall pay the balance of the purchase price for the Subject Properties within sixty (60) days following the date of the sale. The cash or money order, certified check, or cashier's check drawn payable to the Clerk of the United States District Court for the Middle District of Florida shall be given to the PALS who will deposit the funds with the Clerk of this Court. If the bidder fails to fulfill this requirement, the sale shall be treated as null and void, and the deposit shall be forfeited as damages and applied to cover the expenses of the sale, with any amount remaining to be applied to the federal tax liabilities of James M. Enright as set forth in the Court's prior order (ECF No. 50). The Clerk shall distribute the deposit as directed by the PALS by check drawn payable to the "United States Department of Justice." The Subject Properties shall be again offered for sale under the terms and conditions of this order of sale or, in the alternative, sold to the second highest bidder. The successful bidder(s) at the new sale or second highest bidder, as the case may be, shall receive the Subject Properties free and clear of all rights, titles, claims, liens, and interests of the defaulting bidder(s).

4

13222366.1

j.  The Clerk of the Court is directed to accept the deposits and proceeds of the sale and deposit them into the Court's registry for distribution as provided for herein or pursuant to further order of this Court.

k. The sale of the Subject Properties shall be subject to confirmation by this Court.  On confirmation of the sale, ownership and possession of the Subject Properties shall transfer to the successful bidder(s), and all interests in, liens against, and titles and claims to, the Subject Properties that are held or asserted by the parties to this action are discharged and extinguished.  When this Court confirms the sale, the Recording Official of Pinellas County, Florida shall cause the transfer of the Subject Properties to be reflected upon that county's register of title.

l. After the confirmation of the sale, the IRS shall execute and deliver a deed under the authority of this Court conveying the Subject Properties, effective as of the date of the confirmation of the sale, to the successful bidder(s).  The successful bidder(s) shall pay, in addition to the amount of the bid, any documentary stamps and registry fees as provided by law.

m. All rights to rents of or from the Subject Properties arising after the issuance of this Order and before the confirmation of the sale of the Subject Properties shall constitute proceeds of the Subject Properties and such rents shall be turned over to, and paid to, the PALS for deposit and distribution in the same manner as the proceeds of the sale of the Subject Properties.  On confirmation of the sale of the Subject Properties, all rights to product, offspring, rents, and profits of or from the Subject Properties arising

13222366.1

thereafter shall transfer to the successful bidder(s) and all risks of losses associated with the Subject Properties shall transfer to the successful bidder(s).

3.  Up until the date that this Court confirms the sale of the Subject Properties, Defendant James M. Enright shall take all reasonable steps necessary to preserve the Subject Properties (including all buildings, improvements, fixtures and appurtenances on the Subject Properties) in their current condition including, without limitation, maintaining a fire and casualty insurance policy on the Subject Properties. All occupants of the Subject Properties shall not commit waste against the Subject Properties or cause or permit anyone else to do so. All of the defendants in this case shall not do anything that tends to reduce the value or marketability of the Subject Properties or cause or permit anyone else to do so. Such defendants shall not record any instruments, publish any notice, or take any other action (such as running newspaper advertisements, posting signs, or making internet postings) that may directly or indirectly tend to adversely affect the value of the Subject Properties or that may tend to deter or discourage potential bidders from participating in the public auction, nor shall they cause or permit anyone else to do so. Violation of this paragraph shall be deemed a contempt of court and punishable as such.

4. All persons occupying the Subject Properties shall vacate the Subject Properties permanently within 30 days of the date of this order of sale, each taking with them his or her personal property (but leaving all improvements, buildings, fixtures, and appurtenances to the Subject Properties). If any person fails or refuses to vacate the Subject Properties by the date specified in this order of sale, the PALS are authorized to coordinate with the United States Marshal to take all actions that are reasonably necessary to have those

13222366.1

persons ejected. This includes that the United States Marshal Service is authorized and directed to take any and all necessary actions, including but not limited to the use of reasonable force, to enter and remain on the premises, which includes, but is not limited to, the land, the buildings, vehicles and any structures located thereon, for the purpose of executing this Order. The United States Marshal Service is further authorized and directed to arrest and/or evict from the premises any and all persons who obstruct, attempt to obstruct, or interfere or attempt to interfere, in any way with the execution of the Order of Sale. Any personal property remaining on the Subject Properties 30 days after the date of this order of sale is deemed forfeited and abandoned, and the PALS are authorized to dispose of it in any manner they see fit, including sale, in which case the proceeds of the sale are to be applied first to the costs and expenses of sale and the balance shall be paid into the Court for further distribution. Money orders and checks for the purchase of the personal property shall be drawn payable to the Clerk of the United States District Court for the Middle District of Florida and the Clerk of the Court is directed to accept cash and checks and deposit such items into the Court's registry for distribution pursuant to further order of this Court.

5. Up until the date that this Court confirms the sale of the Subject Properties, the IRS, the PALS, and their representatives are authorized to have free and full access to the Subject Properties in order to take any and all actions necessary to preserve the properties, including, but not limited to, retaining a locksmith or other person to change or install locks or other security devices on any part of the Subject Properties.

13222366.1

6. After the Court confirms the sale of the Property 1, the sale proceeds deposited with the Clerk of this Court should be applied to the following items, in the order specified below:

      a.    First, to the Internal Revenue Service Property Appraisal and Liquidation Specialists, and/or any receiver appointed pursuant to 26 U.S.C. § 7403(d), for any and all costs and expenses incurred with respect to the foreclosure sale;

      b.    Second, to Pinellas County for unpaid but accrued *ad valorem* real property taxes for tax years 2014 and 2015;

      c.    Third, to Citrus Capital, LLC for the value of their tax certificate for unpaid but accrued *ad valorem* real property taxes for tax years 2011 through 2013, plus the interest due thereon under Fla. Stat. § 197.432(6);

      d.    Fourth, the remaining proceeds to be distributed to the United States to satisfy, in whole or in part, the federal income tax liabilities at issue in this action; and

      e.    Any remaining proceeds after the distributions identified above should be held by the Clerk of the Court pending a determination by the Court of the proper disposition of such proceeds.

7. After the Court confirms the sale of the Property 2, the sale proceeds deposited with the Clerk of this Court should be applied to the following items, in the order specified below:

13222366.1

a.      First, to the Internal Revenue Service Property Appraisal and Liquidation Specialists, and/or any receiver appointed pursuant to 26 U.S.C. § 7403(d), for any and all costs and expenses incurred with respect to the foreclosure sale;

b.      Second, to Pinellas County for unpaid but accrued *ad valorem* real property taxes for tax years 2013, 2014 and 2015;

c.      Third, to Sunshine State Tax, LLC for the value of their tax certificates for unpaid but accrued *ad valorem* real property taxes for tax year 2012, plus the interest due thereon under Fla. Stat. § 197.432(6);

d.      Fourth, the remaining proceeds to be distributed to the United States to satisfy, in whole or in part, the federal income tax liabilities at issue in this action; and

e.      Any remaining proceeds after the distributions identified above should be held by the Clerk of the Court pending a determination by the Court of the proper disposition of such proceeds.

Done in Tampa, Florida this __5__ day of ___Nov___, 2015.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies to:
Counsel of Record
Unrepresented Parties

9

13222366.1